**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In re:  Yolanda P Sitar

                                             )        24 B 02793
                                             )
       Debtor(s)          )        **Judge Janet S. Baer**

*NOTICE OF MOTION AND CERTIFICATE OF SERVICE*

      Please take notice that on Friday April 12, 2024 at 9:30 a.m., a representative of this office shall appear before the Honorable Judge Janet S. Baer or any other judge sitting in that judge's place, **either** in courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL  60604 **or** electronically as described below, and present the attached motion to examine fees of attorney Vaughn White, a copy of which is attached.

      **Important:  Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government.  All others must appear in person.**

      **To appear by Zoom using the internet**, go to this link:  https://zoomgov.com/.  Then enter the meeting ID and passcode.

      **To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and passcode.

      **Meeting ID and password**.  The meeting ID for this hearing is **160 731 2971** and the passcode is **587656.**  The meeting ID and password can also be found on the judge's page on the court's web site.

      If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

                                                                                      /s/ Glenn Stearns
                                                                                      Glenn Stearns, Trustee

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL 60532   (630) 981-3888

# **CERTIFICATE OF SERVICE**

    I, Glenn Stearns, declare under penalty of perjury under the laws of the United States of America that I served a copy of this notice and the attached motion on each entity shown on the list below and by the method indicated below on April 3, 2024, before 5:00 pm.

/s/ Glenn Stearns
Glenn Stearns, Trustee

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL 60532   (630) 981-3888

**Served by CM/ECF**
Vaughn White
VW Law LLC
1755 Park St #200
Naperville, IL  60563

**Served by first class mail:**
Yolanda P Sitar
266 N Calhoun Street
Aurora, IL  60505

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In re: Yolanda P Sitar

|  |  |  |
|---|---|---|
|  | ) | 24 B 02793 |
|  | ) |  |
| Debtor(s) | ) | **Judge Janet S. Baer** |

**MOTION FOR HEARING UNDER §§ 329, 330, AND RULE 2017**

Now Comes Glenn Stearns, Chapter 13 Trustee, requesting a hearing as to the attorney fees of Vaughn White pursuant to 11 U.S.C. §§ 329, 330, and Bankruptcy Rule 2017 and in support thereof, states the following:

1. On February 28, 2024, the debtor filed a petition under Chapter 13.

2. Vaughn White filed this case on behalf of the debtor.

3. On March 15, 2024, the trustee filed a motion to dismiss the current case for failure to file a Plan and failure to file any schedules or statements.

4. Mr. White only filed schedules, statements and a plan for the debtor after the trustee filed a motion to dismiss.

5. The plan was not served on creditors until March 26, eight days after it was filed, nearly a full month after the case was filed.

6. Mr. White filed thirteen Chapter 13 cases assigned to Trustee Stearns in 2022 and 2023. Three cases have confirmed plans, two are pending, eight of the thirteen lasted less than 90 days:

| Case No. | Debtor | Filed | Dismissed | Reason(s) for dismissal |
|---|---|---|---|---|
| 23-00810 | Pellico | 01/20/23 | 03/03/23 | No schedules, statements or plan. |
| 23-02784 | Hurston | 03/01/23 | 04/28/23 | Schedules, statements and plan were filed late. Case was voluntarily dismissed. |

| | | | | |
|---|---|---|---|---|
| 23-05800 | Lurie | 05/01/23 | 07/14/23 | No taxes or pay advices, no plan payments, no 341 meeting. |
| 23-05853 | Scott | 05/02/23 | 07/13/23 | No taxes or pay advices, no plan payments, no 341 meeting. |
| 23-10129 | Lurie | 08/01/23 | 10/06/23 | Incomplete taxes, no pay advices, no plan payments, no 341 meeting. |
| 23-10130 | Scott | 08/01/23 | 10/05/23 | Missing signature pages, no pay advices, default in payments, no 341 meeting. |
| 23-13470 | Putman | 10/09/23 | Converted | Late plan, no taxes, no pay advices, no plan payments, no 341 meeting. Converted to Chapter 7. |
| 23-13872 | Divibliss | 10/17/23 | 11/16/23 | No Plan or Form 122C-1. |

7. The current case may be the worst example of Mr. White's work product to date. The tardy schedules, statements and plan are the tip of the iceberg.

8. The plan filed March 18 (Doc 16) provides for payments of $500 per month for 60 months, for total payments of $30,000.

9. Trustee's fees in Part 4.2 and attorney's fees in Part 4.3 are estimated at a combined $6000, leaving **$24,000** for creditors.

10. Priority claims in Part 4.4 are estimated at **$55,000.**

11. Part 5.1 provides for a minimum distribution to nonpriority unsecured creditors of $10,240.

12. Based on the above, the plan is **$31,000** short of paying priority debts in 60 months, let alone the required dividend to general unsecured creditors that she schedules at $152,336.

13. It hardly seems possible, but it gets worse.

14. The debtor's income is above the applicable median so disposable income is determined under 11 U.S.C. §1325(b)(3). Debtor completed Form 122C-2 (Doc 15); her disposable income is $2,020.91 so she must propose a plan that pays $121,254.60 to nonpriority unsecured creditors.

15. The plan Mr. White filed on behalf of Ms. Sitar is underfunded by about $152,000.

16. Pursuant to §329 and Rule 2017, a court may investigate the debtor's transactions and agreements with his attorney and, if the court deems the fees sought excessive based on the value of the services, may cancel the agreement and order the return of any funds paid by the debtor to his attorney.

17. By filing such an obviously infeasible Plan, Mr. White's services have no value and any fee request should be denied.

18. All funds received in this case by Mr. White from the debtor should be disgorged and returned to the debtor.

WHEREFORE, the Trustee prays that the court order that any attorney fee is denied, order that Vaughn White is to disgorge any and all fees previously received, and/or for such further relief as this court deems proper.

    Respectfully Submitted;
    Glenn Stearns, Trustee

    /s/ Glenn Stearns
    By: Glenn Stearns

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Rd., Suite 650
Lisle, IL 60532
630 981 3888